```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                   PLAINTIFF/RESPONDENT

    V.                  Criminal No. 11-50050

IVAN MARQUEZ-VEGA                              DEFENDANT/MOVANT
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a 28 U.S.C. § 2255 motion (Doc. 25) filed pro se by the Defendant/Movant Ivan Marquez-Vega ("Defendant"). The Court conducted an evidentiary hearing on this motion on January 22, 2013, and appointed counsel to represent the Defendant at the hearing. The matter is now ripe for consideration and the undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

### BACKGROUND

1. On June 30, 2011, Defendant pled guilty to distribution of methamphetamine, as charged in Count Three of a four count Indictment issued against him. Defendant was represented at the plea hearing by his appointed counsel, Assistant Federal Public Defender Bruce Eddy.

2. The Presentence Investigation Report calculated a mandatory minimum term of imprisonment of 5 years, and a Sentencing Guideline range of 70 to 87 months. Neither the Government, nor the Defendant filed any objections to the Presentence Investigation Report. On November 17, 2011, a

sentencing hearing was conducted and Defendant was sentenced at the bottom of the Guideline range to 70 months imprisonment, five years supervised release, a $12,500.00 fine, a $100.00 special assessment, and the denial of federal benefits for a period of five years.

3. Defendant did not file an appeal. On May 25, 2012, over six months after he was sentenced, Defendant filed the § 2255 motion now before the Court. (Doc. 25.) In this motion, Defendant asserts that he instructed his attorney, Mr. Eddy, to file an appeal, but Mr. Eddy failed to do so.

**TESTIMONY**

4. At the evidentiary hearing on his § 2255 motion, Defendant testified that immediately after his sentencing, while he was still in the courtroom, he advised Mr. Eddy that he wanted to appeal. Defendant could not recall what Mr. Eddy's response was other than to ask Defendant if there was "anything else," to which, Defendant responded, "No." The Marshal's Service then escorted Defendant back to the holding cell and then back to the Washington County Detention Center ("WCDC"). When asked at the evidentiary hearing what he would have appealed given that he was sentenced to 70 months imprisonment, the low-end of the Guideline range, Defendant stated that approximately ten minutes before the sentencing hearing, Mr. Eddy told him that he "got [Defendant] 60 months."

Defendant testified that he remained at the WCDC for less than two weeks, during which time period, he tried to call Mr. Eddy twice.  Defendant testified that the lady who answered the phone said that Mr. Eddy was out on both occasions.  Defendant did not leave a message, but simply stated that he would call Mr. Eddy back later.  Defendant testified that he was transported from WCDC to a facility in Oklahoma City for approximately two weeks; then to a facility in Atlanta, Georgia, for approximately a month; and then to McRae, Georgia, where he was housed in "the hole" for approximately one month until a bed became available in general population.  Defendant explained that he did not attempt to contact Mr. Eddy by phone after he left WCDC, because he had limited access to a phone and he assumed that Mr. Eddy had filed an appeal as Defendant had requested.  Defendant acknowledged that he never wrote Mr. Eddy a letter inquiring about his appeal.  Defendant testified that it was not until he had the opportunity to go to a law library at the McRae facility that he learned that he would have been notified of some court action had an appeal actually been filed.

     5.   Mr. Eddy testified that his standard procedure is, after the judge pronounces sentence and advises a Defendant of his appeal rights, to ask the Defendant if he is satisfied with his sentence or if he wants to appeal.  Mr. Eddy explained that he has a form with him at sentencing and checks the "yes" or "no" block indicating whether a Defendant wants to appeal.  He then

uses this form to serve as a reminder to file a notice of appeal or to not file an appeal and close the Defendant's file. Mr. Eddy testified that he followed this procedure in Defendant's case and checked the "no" block on the form after the Defendant advised him that he did not want to appeal. (Pl.'s Ex. 1.) Mr. Eddy testified that he never spoke with or received any messages from the Defendant after the sentencing hearing.

   Mr. Eddy explained that if a Defendant changes his mind and decides he wants to appeal after sentencing, he can call and simply leave a message to this effect with the receptionist, and Mr. Eddy would then go to the jail to see the Defendant. When asked about Defendant's testimony regarding being advised right before sentencing that he would receive a 60 month sentence, Mr. Eddy explained that he might have reminded the Defendant that he faced a 60 month minimum, but that he had also advised the Defendant that his Guideline range was 70 to 87 months. Mr. Eddy testified that the Defendant had no basis for an appeal, as he had pled guilty, there were no objections to the Presentence Investigation Report, and he was sentenced at the bottom of the Guideline range. Nevertheless, Mr. Eddy testified that had Defendant instructed him to appeal, he would have filed a notice of appeal and a brief pursuant to Anders v. California, 386 U.S. 738 (1967).

**DISCUSSION**

6.   Ineffective assistance of counsel claims generally require a defendant to show that his counsel's performance "fell below an objective standard of reasonableness" and that he was prejudiced by this deficiency.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  However, an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling a defendant to § 2255 relief, and no inquiry into prejudice or likely success on appeal is necessary.  See Watson v. United States, 493 F.3d 960, 963-64 (8th Cir. 2007).  For a defendant to succeed on such a claim, he must show that he made his desire to appeal evident to his attorney.  See Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002).  "A bare assertion by the [defendant] that he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition."  Barger, 204 F.3d 1180, 1182 (8th Cir. 2000).  A court is required to conduct an evidentiary hearing before making such factual determinations.  See Watson, 493 F.3d at 964.

7.   The undersigned finds Mr. Eddy's testimony to be more credible than Defendant's for the following reasons.  First, Mr. Eddy is a very experienced and diligent Assistant Federal Public Defender.  Mr. Eddy has standard procedures he follows to ensure that a Defendant is asked whether he wants to appeal and that the

Defendant's response is documented on a form so that a notice of appeal can be timely filed if that is what a Defendant has instructed Mr. Eddy to do.  The undersigned finds it implausible to believe that Mr. Eddy would have inexplicably ignored Defendant's request to appeal and marked "no" on the form.  The undersigned also finds it implausible to believe that the Defendant attempted to call Mr. Eddy twice, yet made no effort to leave a message or to inquire about the status of an appeal.  Further, while the Defendant need not demonstrate that he had a meritorious appeal, the fact that he pled guilty, had no objections to the Presentence Investigation Report, and was sentenced at the bottom of the Guideline range, supports the fact that there was no basis for an appeal and detracts from Defendant's testimony that he wished to appeal.  Accordingly, the undersigned finds that Defendant did not instruct Mr. Eddy to file an appeal and that Defendant's claim is, therefore, without merit.

## CONCLUSION

8.   Based upon the foregoing, the undersigned recommends that Defendant's § 2255 motion (Doc. 25) be DENIED in all respects.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and**

**specific to trigger de novo review by the district court.**

DATED January 22, 2013.

                                          /s/ *Erin L. Setser*
                                            HON. ERIN L. SETSER
                                            UNITED STATES MAGISTRATE JUDGE